## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **HERNANDEZ T.,** | **Civil Action No. 20-12315 (SRC)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **CHAD WOLF, et al.,** | |
| **Respondents.** | |

**CHESLER,** District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Hernandez T., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 5), to which Petitioner has replied. (ECF No. 6). For the following reasons, this Court will deny the habeas petition without prejudice.

## I. BACKGROUND

As this Court explained in denying Petitioner's previous habeas petition challenging his ongoing immigration detention,

> Petitioner is a native and citizen of Liberia who entered the United States as a refugee in 2004. Petitioner then became a lawful permanent resident in 2008. Petitioner thereafter amassed numerous drug convictions including convictions for possession of marijuana in 2014 and 2016, and possession with intent to distribute cocaine within one thousand feet of a school in March 2017. Based on this criminal history, Petitioner was taken into immigration custody on July 28, 2017, and detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c). Petitioner has remained in immigration custody since that time.
>
> Petitioner first appeared for an immigration hearing in August 2017, at which point his hearing was adjourned until

September 21, 2017, so that Petitioner could acquire counsel. The September 21 hearing was thereafter adjourned so that Petitioner could file applications for relief from removal. Petitioner filed his application on October 17, 2017, and was then scheduled for a hearing in November 2017. This hearing was then twice adjourned at Petitioner's request and rescheduled for February 28, 2018. Petitioner's hearing was then adjourned until March 23, 2018, by the immigration court for scheduling purposes. On March 23, 2018, the immigration judge denied Petitioner's relief applications and ordered him removed to Liberia. Petitioner filed an appeal in April 2018, and the Board of Immigration Appeals (BIA) dismissed that appeal and affirmed the order of removal on September 6, 2018. As Petitioner was then subject to a final order of removal, Petitioner's detention then shifted to post-removal order status and Petitioner's detention was continued under 8 U.S.C. § 1231(a).

Petitioner thereafter filed a petition for review with the Third Circuit. That petition was then stayed pending a decision by the Third Circuit in another case. Petitioner then filed a motion seeking a stay of removal, which was temporarily granted by the Third Circuit on March 7, 2019. Because of this stay, Petitioner's detention shifted back to 8 U.S.C. § 1226(c) as the stay of removal rendered his removal order non-final. *See, e.g., Leslie v. Att'y Gen.*, 578 F.3d 265, 268-70 (3d Cir. 2012).

On June 10, 2019, Petitioner filed a motion in the immigration court seeking a bond hearing under *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208 (3d Cir. 2018) (providing for a bond hearing for those detained under 8 U.S.C. § 1231(a) for more than six months). As the immigration judge apparently believed that Petitioner was still detained under § 1231(a), a *Guerrero-Sanchez* bond hearing was held by the immigration judge in June 2019. The immigration judge issued a decision denying bond under *Guerrero-Sanchez* on August 5, 2019. In issuing that decision, the immigration judge found that *Guerrero-Sanchez* applied as Petitioner had been detained under § 1231(a) for more than six months, and that as such the Government bore the burden at the bond hearing of showing that Petitioner was either a flight risk or a danger to the community by clear and convincing evidence, and that Petitioner's release on bond would be warranted if the Government failed to meet this burden. The immigration judge then found that the Government met this burden and had proved by clear and convincing evidence that Petitioner was both a flight risk and danger to the community. The immigration judge explained as follows:

The Court acknowledges [Petitioner]'s family ties to the United States and his long presence in the country. However, the Court finds that it is his family in the United States that makes [Petitioner] likely not to depart the country if his appeal, with the Third Circuit is ultimately denied. Furthermore, [Petitioner] was placed in the custody of the DHS only after he was arrested by the Lindenwold Police Department on an outstanding warrant for his arrest for a contempt of court charge. The Court believes that [Petitioner] has a proclivity for ignoring authority and a strong interest in avoiding law enforcement, as he has done before. Accordingly the Court is not convinced that [Petitioner] would appear for a subsequent hearing or depart the United States upon a denial from the Third Circuit.

[Petitioner] has had numerous encounters with law enforcement and an extensive criminal history. The DHS argues that [Petitioner] is a danger to the community because of his multiple arrests and because he was only brought to the attention of the DHS when he was arrested on an outstanding warrant[. Petitioner] was convicted for possession of marijuana and obstructing justice [o]n August 19, 2010. On February 18, 2014, [Petitioner] was convicted of possession of marijuana. On February 1, 2017, [Petitioner] was convicted of possession of marijuana. On March 3, 2017, [Petitioner] was arrested for possession with the intent to sell cocaine. Indeed, [Petitioner]'s criminal history is extensive and [Petitioner]'s contempt of state court concerns this Court as it demonstrates [Petitioner]'s lack of respect for authority.

The Court finds that DHS has met its burden of establishing that [Petitioner] would pose a danger to the community and is not likely to appear for a future proceeding [if released on bond]. There is a final order of removal and the outcome of [Petitioner]'s appeal in the Third Circuit is speculative. [Petitioner] has an extensive criminal history and has previously faired to appear for state court hearings. Accordingly, the Court finds that [Petitioner] is a danger to the community and a flight

> risk.  Therefore, [Petitioner]'s request [for release on
> bond under *Guerrero-Sanchez*] is denied.

*Hernandez T. v. Warden, Essex County Jail*, No. 19-12584, 2020 WL 634235, at *1-2 (D.N.J. Feb.

11, 2020).

 In May 2019, Petitioner filed a habeas petition challenging his continued detention while

subject to the stay of removal ordered by the Third Circuit, in which he argued that he was entitled

to a new bond hearing under Third Circuit case law including *Diop v. ICE/Homeland Sec.*, 656

F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d

469 (3d Cir. 2015).  (Docket No. 19-12584 at ECF No. 1).  On February 11, 2020, this Court

denied that petition.  *Hernandez T.*, 2020 WL 634235 at *2-3.  In denying that petition, this Court

explained to Petitioner that

> both *Diop* and *Chavez-Alvarez* stand for the proposition that the
> prolonged detention of an alien who is subject to mandatory
> detention *without* a bond hearing may become so overlong that it
> violates Due Process.  This constitutional violation has but a single
> remedy – a bond hearing at which the Government bears the burden
> of proving that Petitioner is either a flight risk or a danger to the
> community.  Petitioner has already received such a hearing,
> although one the immigration judge provided him under the
> mistaken belief that Petitioner was still subject to § 1231(a)
> detention and thus entitled to a *Guerrero-Sanchez* hearing.  A
> properly held *Guerrero-Sanchez* hearing, such as the one Petitioner
> received is at least as protective as a *Chavez-Alvarez* bond hearing
> insomuch as it places the burden of proof on the Government,
> requires the same showing that Petitioner was either a flight risk or
> danger to the community, and requires the Government to make this
> showing by clear and convincing evidence, a standard at or above
> that required by *Chavez-Alvarez*. . . .  As the immigration judge in
> this matter applied this heightened standard to Petitioner and found
> that the Government met its burden of proving by clear and
> convincing evidence that Petitioner was *both* a flight risk and a
> danger to the community, Petitioner has already received the relief
> to which he would be entitled under *Diop* and *Chavez-Alvarez*.
> Petitioner's case is therefore wholly distinguishable from aliens
> such as those in *Diop* and *Chavez-Alvarez* who were held for
> prolonged periods of time without the benefit of a bond hearing.  As

> Petitioner has already received the very benefit he seeks and has been found to be both a flight risk and danger to the community by an immigration judge by clear and convincing evidence, [and] as this Court has no authority to second-guess the bond decisions of an immigration judge, *see, e.g.,* 8 U.S.C. § 1226(e), his continued detention, although prolonged, does not violate Due Process in light of the bond hearing he received.  Petitioner's habeas petition is denied.

*Hernandez T.,* 2020 WL 634235 at *2-3.

Petitioner thereafter filed this matter as he remains detained pursuant to 8 U.S.C. § 1226(c) as his order of removal remains subject to the stay entered by the Third Circuit, and believes he should be granted habeas relief as he has now been detained for approximately twenty months since he received his last bond hearing before an immigration judge, and an additional year since this Court denied his previous petition.

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B.  Analysis**

In his habeas petition, Petitioner argues that his continued immigration detention violates his right to Due Process in light of the Third Circuit's decisions in *Diop*, *Chavez-Alvarez*, and the Third Circuit's recent decision in *Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 209 (3d Cir. 2020), which was issued after the denial of his previous habeas petition.  Petitioner argues that he is therefore entitled to either his outright release or a new bond hearing before an immigration judge as he believes his continued detention, his prior bond hearing notwithstanding, amounts to an unconstitutional application of § 1226(c).

The only new authority Petitioner provides in support of his argument that he should be granted the relief this Court denied him in his previous decision is the Third Circuit's decision in *Santos*.  In *Santos*, the Third Circuit confirmed the holding that this Court and others in this district had reached that, even following the Supreme Court's abrogation of portions of *Diop* and *Chavez-Alvarez*, it remained good law in the Third Circuit that prolonged detention in the absence of a bond hearing under § 1226(c) can amount to an arbitrary and therefore unconstitutional application of § 1226(c).  *Santos*, 965 F.3d at 210-11.  Under *Santos*, *w*here the relevant factors – most importantly the length of detention, but also including the likelihood that detention will continue, the reasons for delay in the underlying immigration proceedings including any bad faith shown by the parties, and whether the detention in question is "meaningfully different from criminal detention" – indicate that continued detention in the absence of a bond hearing amounts to an unconstitutional application of § 1226(c), the petitioner will be entitled to only one form of relief – a bond hearing at which the Government bears the burden of showing, by clear and convincing

evidence, that continued detention is warranted as the petitioner is either a flight risk or danger to the community, a standard the Court of Appeals adopted directly from *Guerrero-Sanchez*. *Id.* at 210-214. As in *Diop* and *Chavez-Alvarez*, however, the Third Circuit in *Santos* held that a new bond hearing is warranted only where the alien has both been subject to prolonged, unconstitutional detention and that detention has been in the *absence* of a bond hearing. *Id.*

As this Court noted in denying Petitioner's previous habeas petition, however, Petitioner is not similarly situated to the aliens who sought relief in *Diop*, *Chavez-Alvarez*, and *Santos* who had been subjected to prolonged detention without so much as a bond hearing. Instead, as this Court previously explained, Petitioner received a *bona fide* bond hearing at which he was found to be a danger to the community and flight risk by clear and convincing evidence. Petitioner has thus already received the only benefit which *Diop*, *Chavez-Alvarez*, and *Santos* provide – a bond hearing at which the Government showed by clear and convincing evidence that he was a flight risk and danger to the community, and this Court has no jurisdiction to second guess the bond decisions of an immigration judge. *See, e.g.,* 8 U.S.C. § 1226(e). Although this Court and others have found that a second bond hearing may be warranted by Due Process concerns where the only bond hearing the alien received did not comport with the requirements of Due Process or was found to be inadequate by the Board of Immigration Appeals in a bond appeal, *see, e.g., Kwasi A. v. Edwards*, 18-15029, 2019 WL 3219157, at *5 (D.N.J. July 17, 2019) (finding a bond hearing was due where the alien had received only an inadequate bond hearing which had been overturned by the BIA and a bond hearing which amounted to a nullity under a now abrogated Second Circuit ruling), this Court is aware of no binding authority which stands for the proposition that an alien detained pursuant to § 1226(c) who has received a *bona fide* bond hearing at which he was found to be a danger or flight risk by clear and convincing evidence by an immigration judge must be

provided a second hearing merely because of the passage of time.  Given the immigration judge's finding that Petitioner was shown to be a flight risk and danger by clear and convincing evidence after a *bona fide* bond hearing, Petitioner has received the only process to which he is due under the constitution, and this Court finds no basis for ordering a second bond hearing, let alone the extreme relief of outright release unsupported by any caselaw which Petitioner requests.  As Petitioner has received all the process he is due – a *bona fide* bond hearing before an immigration judge – Petitioner's habeas petition is once again denied without prejudice.

## III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is DENIED WITHOUT PREJUDICE.  An appropriate order follows.

      */s/ Stanley R. Chesler*
      Hon. Stanley R. Chesler,
      United States District Judge

Dated: February 5, 2021